IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

ERICA N. MCKEEL, individually; )
ERICA N. MCKEEL, as surviving )
parent of Murphy Foster McKeel, )
deceased; DANIEL CALEB MCKEEL, )
as surviving parent of Murphy )
Foster McKeel, deceased; and )
ASSIGNEES OF CUONG NGUYEN AND )
MINH NGUYEN, individually and )
d/b/a Limelight Bar & Grill, )
LLC; )
 )
 Plaintiffs, )
 )
v. )        CASE NO. CV413-211
 )
AUTO-OWNERS INSURANCE COMPANY, )
 )
 Defendant. )
 )

## O R D E R

Before the Court is Plaintiffs' Motion to Remand. (Doc.

8.)   Defendant has responded in opposition.   (Doc. 11.)   For

the following reasons, Plaintiffs' motion is **DENIED**.

### BACKGROUND

Plaintiffs originally filed this action in the State

Court of Bryan County, Georgia.   (Doc. 1, Ex. A.)   According

to Plaintiffs' complaint, Plaintiff Erica McKeel was involved

in a car accident on January 12, 2012 when Cuong Nguyen

improperly turned into the path of her vehicle.   (Id. ¶¶ 7-8.)

Plaintiff Erica McKeel, who was seven months pregnant at the

time of the incident, suffered injuries and prematurely

delivered her baby. (Id. ¶ 9.) Sadly, the newborn child subsequently died due to injuries sustained as the result of the accident. (Id.)

According to the complaint, Cuong Nguyen was an employee or agent of, and conducting business on behalf of, Limelight Bar & Grill at the time of the accident. (Id. ¶ 12.) Defendant Auto-Owners Insurance Company issued a Commercial General Liability Policy to Minh Nguyen, doing business as Limelight Bar & Grill with a personal injury limit of $1,000,000. (Id. ¶¶ 10-11.) On March 29, 2012, the McKeel Plaintiffs filed suit against Limelight Bar & Grill in the State Court of Bryan County and sent a settlement demand to Defendant for the policy limits. (Id. ¶¶ 14-15.) However, Defendant concluded that the policy did not provide coverage for the accident and declined the McKeel Plaintiffs' settlement demand. (Id. ¶ 16.)

Ultimately, the McKeel Plaintiffs obtained a jury verdict against Cuong Nguyen and Limelight Bar & Grill in excess of $3,000,000. (Id. ¶¶ 20.) Following the entry of judgment in that case, Cuong Nguyen and Minh Nguyen assigned their interest in any claim they might have against Defendant to the McKeel Plaintiffs. (Id. ¶ 23.) Based on that assignment, Plaintiffs filed the present suit in the State Court of Bryan County, Georgia, seeking a declaratory judgment "that the

2

insurance policy at issue covers the events giving rise to the underlying lawsuits." (Id. ¶ 25.)

Defendant timely removed that complaint to this Court, pursuant to 28 U.S.C. § 1332, based on the diversity of the parties. (Doc. 1.) In response, Plaintiffs filed a Motion to Remand. (Doc. 8.) In their motion, Plaintiffs contend that the parties are not completely diverse because their claim against Defendant is a direct action against an insurer, rendering Defendant a citizen of every state in which its insured is a citizen. (Id. at 2-3.) According to Plaintiffs, both Plaintiffs and Defendant are residents of Georgia because the Nguyens, as the insureds, are Georgia residents. (Id.) In response, Defendant maintains that this case is not a direct action against an insurer and complete diversity is established because Defendant is a Michigan corporation with its principal place of business in Michigan. (Doc. 11 at 14.)

## ANALYSIS

Federal courts are courts of limited jurisdiction and may only hear cases which they have been authorized to hear by the Constitution or Congress. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994). For a case originally filed in state court, a defendant may remove the matter to federal court only if the federal court has jurisdiction. 28 U.S.C. § 1441(a). "While a defendant does have a right, given by

statute, to remove in certain situations, plaintiff is still master of his own claim." See Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). Consistent with this traditional concept, a defendant seeking removal bears the burden of proving the existence of federal jurisdiction. See, e.g., Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996).

When a defendant seeks removal on the basis of diversity jurisdiction, he must demonstrate that the parties are diverse and that the amount in controversy exceeds $75,000, exclusive of fees and costs.[1] See 28 U.S.C. § 1332(a); 28 U.S.C. § 1441(a). Normally, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). However,

> in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of
> (A) every State and foreign state of which the insured is a citizen;
> (B) every State and foreign state by which the insurer has been incorporated; and
> (C) the State or foreign state where the insurer has its principal place of business.

Id. § 1332(c)(1)(A)-(C).

---

[1] The parties do not dispute that the amount in controversy requirement is satisfied.

4

A claim is a direct action where the underlying claim of liability against the insurer is one that could also be imposed against the insured. City of Vestavia Hills v. Gen. Fid. Ins. Co., 676 F.3d 1310, 1315 (11th Cir. 2012) (quoting Fortson v. St. Paul Fire & Marine Ins. Co., 751 F.2d 1157, 1159 (11th Cir. 1985)). In Fortson, the Eleventh Circuit explained that a direct action is one " 'in which a party suffering injuries or damage for which another is legally responsible is entitled to bring suit against the other's liability insurer without joining the insured or first obtaining a judgment against him.' " 751 F.2d at 1159 (quoting Beckham v. Safeco Ins. Co., 691 F.2d 898, 901-02 (9th Cir. 1979)). Indeed, the Eleventh Circuit quite explicitly stated "that unless the cause of action against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured, the action is not a direct action." Id. (citing Walker v. Firemans Fund Ins. Co., 260 F. Supp. 95, 96 (D. Mont. 1966)).

In this case, Plaintiffs' position is foreclosed by the Eleventh Circuit's holding in Fortson. In their complaint, Plaintiffs seek a declaratory judgment that coverage existed under the insurance policy, which is the type of claim the Eleventh Circuit identified in Fortson as not triggering the direct action exception of § 1332(c). Indeed, this claim is

neither one that could be brought against the insured, <u>see</u>

<u>Vestavia Hills</u>, 676 F.3d at 1315, nor one where a party seeks

to hold an insurer liable based on the actions of their

insured, <u>see</u> <u>Fortson</u>, 751 F.2d at 1159. Moreover, the

liability of the insured has already been established in the

underlying State Court case, preventing any possibility that

the resolution of this case will in any way address the

liability of the insured. For these reasons, this Court

easily concludes that Plaintiffs' argument is precluded by

longstanding Eleventh Circuit precedent.[2]

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand

(Doc. 7) is **DENIED**.

SO ORDERED this 26th day of September 2014.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] Plaintiffs argue that any doubt concerning this Court's jurisdiction should be settled in favor of remand. (Doc. 8 at 3.) However, this Court has no doubt concerning the citizenship of Defendant and the existence of complete diversity. Therefore, there is no reason for this Court to even consider remanding this case.

6