IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| ERICA N. MCKEEL, individually; ERICA N. MCKEEL, as surviving parent of Murphy Foster McKeel, deceased; DANIEL CALEB MCKEEL, as surviving parent of Murphy Foster McKeel, deceased; ASSIGNEES OF CUONG NGUYEN AND MINH NGUYEN, individually doing business as Limelight Bar & Grill, LLC; <br><br> Plaintiffs, <br><br> v. <br><br> AUTO-OWNERS INSURANCE CO., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO. CV413-211 |

## O R D E R

Before the Court is Defendant Auto-Owners Insurance Company's ("Auto-Owners") Motion for Summary Judgment. (Doc. 21.) For the following reasons, Defendant's motion is **GRANTED**. The Clerk of Court is **DIRECTED** to close this case.

### BACKGROUND

Plaintiffs originally filed this action in the Superior Court of Bryan County, Georgia. (Doc. 1, Ex. A.) According to Plaintiffs' complaint, Plaintiff Erica McKeel was involved in a car accident on January 12, 2012 when

Cuong Nguyen improperly turned into the path of her vehicle. (Id., Compl. ¶¶ 7-8.) Plaintiff Erica McKeel, who was seven months pregnant at the time of the incident, suffered injuries and prematurely delivered her baby. (Id. ¶ 9.) Sadly, the newborn child subsequently died due to injuries sustained as the result of the accident. (Id.)

According to the complaint, Cuong Nguyen was an employee of Limelight Bar and Grill, LLC ("Limelight") at the time of the accident. (Id. ¶ 12.) Limelight was owned by Cuong Nguyen's brother, Minh Nguyen, and was covered under a Commercial General Liability Policy providing for personal injury liability coverage up to $1,000,000 per occurrence.[1] (Id. ¶¶ 10-11.) Initially, Defendant determined the policy did not provide coverage because Cuong Nguyen was driving a personal vehicle and not working for the business. (Id. ¶ 13.) Based on later statements by Cuong Nguyen that he was conducting business on behalf of Limelight at the time of the accident, Defendant denied a demand by McKeel Plaintiffs[2] for the policy limits because

---

[1] The insurance policy was in the name of Minh Nguyen, d/b/a Limelight Bar and Grill. (Doc. 26, Attach. 1 at 2.)
[2] The Court will refer to Plaintiffs Erica N. McKeel, individually and as surviving parent of Murphy Foster McKeel, and Daniel Caleb McKeel, as surviving parent of Murphy Foster McKeel, collectively as McKeel Plaintiffs.

the policy excluded bodily injuries that arose out of the use of an automobile. (Id. ¶¶ 15-16.)

Ultimately, McKeel Plaintiffs filed a personal injury suit in the State Court of Bryan County, Georgia, obtaining a jury verdict against Cuong Nguyen in excess of $3,000,000. (Id. ¶¶ 18-20.) Following the entry of judgment in that case, Cuong Nguyen and Minh Nguyen assigned their interest in any claim they might have against Defendant to McKeel Plaintiffs. (Id. ¶ 21.) Based on that assignment, Plaintiffs filed the present suit in the Superior Court of Bryan County, Georgia seeking a declaratory judgment that "the insurance policy at issue covers the events giving rise to the underlying lawsuits." (Id. ¶ 25.) Defendant timely removed that complaint to this Court, pursuant to 28 U.S.C. § 1332, based on the diversity of the parties. (Doc. 1.) In its answer, Defendant brought a counterclaim for a declaratory judgment that it has "no obligation to make payment for any amount relating to the [Plaintiffs'] judgment for damages obtained by them in the Underlying Liability Lawsuit." (Doc. 5 at 19.)

Following discovery, Defendant filed a Motion for Summary Judgment.[3] In its motion, Defendant argues that "Plaintiffs' claims, and the [State Court] Judgment upon

---

[3] Plaintiffs did not seek summary judgment.

3

which they are based, are totally and unambiguously excluded by the Policy's Automobile Exclusion."[4] (Doc. 21, Attach. 1 at 19.) In response to this argument, Plaintiffs state only that "a reasonable insured, Minh Nguyen, could have believed that the acts of his 'volunteer worker' which were done within the scope of their work for Limelight might have been covered by the Policy." (Doc. 26, Attach. 1 at 8.)

**ANALYSIS**

I. <u>SUMMARY JUDGMENT STANDARD</u>

According to Fed. R. Civ. P. 56(a), "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim of defense—on which summary judgment is sought." Such a motion must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." <u>Id.</u> The "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.' " <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S.

---

[4] Defendant also argues that the policy does not provide coverage because the underlying judgment was not against an insured (Doc. 21, Attach. 1 at 7-17), and the assignment from Minh and Cuong Nguyen to McKeel Plaintiffs was invalid (<u>id.</u> at 17-18). However, the Court will not address these arguments because the automobile exclusion clearly applies in this case.

4

574, 587 (1986) (quoting Fed. R. Civ. P. 56 advisory committee notes).

Summary judgment is appropriate when the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive law governing the action determines whether an element is essential. DeLong Equip. Co. v. Wash. Mills Abrasive Co., 887 F.2d 1499, 1505 (11th Cir. 1989).

As the Supreme Court explained:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.

Celotex, 477 U.S. at 323. The burden then shifts to the nonmovant to establish, by going beyond the pleadings, that there is a genuine issue as to facts that are material to the nonmovant's case. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).

The Court must review the evidence and all reasonable factual inferences arising from it in the light most favorable to the nonmovant. Matsushita, 475 U.S. at 587-88.

However, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Id. at 586. A mere "scintilla" of evidence, or simply conclusory allegations, will not suffice. See, e.g., Tidwell v. Carter Prods., 135 F.3d 1422, 1425 (11th Cir. 1998). Nevertheless, where a reasonable fact finder may "draw more than one inference from the facts, and that inference creates a genuine issue of material fact, then the Court should refuse to grant summary judgment." Barfield v. Brierton, 883 F.2d 923, 933-34 (11th Cir. 1989).

## II. COVERAGE UNDER THE COMMERCIAL GENERAL LIABILITY POLICY

In Georgia, an insurance policy is a contract subject to the typical rules of contract construction. Am. Strategic Ins. Corp. v. Helm, 327 Ga. App. 482, 485, 759 S.E.2d 563, 565 (2014) (citing Hurst v. Grange Mut. Cas. Co., 266 Ga. 712, 716, 470 S.E.2d 659 (1996)). As a contract, the parties to the policy are bound by its plain and unambiguous terms. Id. "Unambiguous terms are taken in their plain, ordinary and popular sense as supplied by dictionaries." Michna v. Blue Cross & Blue Shield of Ga., Inc., 288 Ga. App. 112, 114, 653 S.E.2d 377, 380 (2007)

(citing Henderson v. Henderson, 152 Ga. App. 846, 847, 264 S.E.2d 299 (1979)). In addition, the words in the policy " 'generally bear their usual and common signification; but technical words, words of art, or words used in a particular trade or business will be construed, generally, to be used in reference to this peculiar meaning.' " Id. at 114, 653 S.E.2d at 379-80 (quoting O.C.G.A. § 13-2-2(2)).

Turning to the terms of the policy, the automobile exclusion at issue in this case expressly excludes any " '[b]odily injury' or 'property damage' arising out of the ownership, maintenance, use or entrustment to others of any aircraft, 'auto' or watercraft owned or operated by or rented or loaned to any insured." (Doc. 1, Attach. 1 at 58.) Based on this clear and unambiguous language, the policy does not provide coverage for any bodily injury that is based on the use of a vehicle operated by an insured. Therefore, the applicability of the exclusion in this case turns on whether Cuong Nguyen qualifies as an insured under the terms of the policy.

In this regard, the policy includes as insureds "[y]our 'employees' . . . , but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business, or your 'volunteer

workers' only while performing duties related to the conduct of your business." (Id. at 66.) According to Plaintiffs' own admissions, Cuong Nguyen was a volunteer worker. (See Doc. Doc. 26, Attach. 1 at 8 ("Here, a reasonable insured, Minh Nguyen, could have believed that the acts of his 'volunteer workers' which were done within the scope of their work for Limelight might have been covered by the Policy." (emphasis added)); Doc. 26, Attach. 2 ¶ 21 ("Plaintiffs contend that Cuong Nguyen was a 'volunteer worker' at the time of the wreck." (emphasis added)).) Based on these admissions, the Court concludes that Cuong Nguyen was an insured under the terms of the policy, which expressly excludes coverage for bodily and personal injury arising out of the use of any vehicle operated by an insured. Based on its clear and unambiguous terms, therefore, Defendant's policy does not provide coverage for the injuries sustained by the McKeel Plaintiffs in the underlying state court action. Accordingly, Defendant's request for summary judgment must be **GRANTED**.

As noted above, Plaintiffs' sole argument with respect to the automobile exclusion is that "a reasonable insured, Minh Nguyen, could have believed that the acts of his 'volunteer workers' which were done within the scope of

their work for Limelight might have been covered by the policy." (Doc. 26, Attach. 1 at 8.) Minh Nguyen might very well have believed that, but such a belief would be unreasonable in light of the clear and unequivocal language of the insurance policy. It is even more unreasonable when viewed in light of the "common practice for a company to have separate auto coverage in addition to commercial general liability coverage 'to provide seamless coverage for different risks.' " Am. Interstate Ins. Co. v. Smith, 537 F. Supp. 2d 1378, 1381 (S.D. Ga. 2008) (quoting Strickland v. Auto-Owners Ins. Co., 273 Ga. App. 662, 663, 615 S.E.2d 808, 810 (2005)). The Court suspects this is probably why Plaintiffs filed suit against the insurer of the vehicle involved in this accident for a bad-faith refusal to settle. See McKeel v. State Farm Mut. Auto. Ins. Co., 4:13-cv-191, 2014 WL4829360 (S.D. Ga. Sept. 29, 2014).[5]

---

[5] In the prior McKeel case, Plaintiffs filed suit alleging that State Farm acted in bad-faith by requiring Plaintiffs to execute a limited release for Limelight as part of accepting the policy limits. 2014 WL4829360, at *1. As part of their argument, Plaintiffs maintained that the requirement was in bad faith because Limelight was not an insured under the terms of the auto policy. Id. at *3 In that case, this Court similarly concluded that "the record conclusively establishes that Limelight Bar & Grill qualified as an insured under the policy" and granted State Farm's request for summary judgment. Id.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment (Doc. 21) is **GRANTED**. The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 24th day of March 2015.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA